IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEROY L. COOK                                          PLAINTIFF

v.                      CASE NO.      12-2255

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

The plaintiff filed an applications for DIB on July 8, 2009 and SSI on February 17, 2010 , alleging an onset date of March 23, 2009, due to plaintiff's broken bone in right foot, left shoulder injury, and depression. Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on March 24, 2011 and June 7, 2011. Plaintiff was present and represented by counsel on June 7.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 47 years of age and possessed 16 years of education.  The Plaintiff had past relevant work ("PRW") experience as a cook, dirt crew, security guard, and karate instructor  (T. 236).

On July 8, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's left shoulder impingement and right foot pain did not meet or equal any Appendix 1 listing.  T. 21.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional restrictions.  T. 23.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  machine operator and tender, assembly work, and cashier.  T. 27

**II.  Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Step Two:**

At step two of the sequential evaluation process, the claimant bears the burden of proving

that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985).

There is no medical evidence that the Plaintiff's alleged depression was a severe impairment. When the Plaintiff was originally placed into the Arkansas Department of Corrections in August 2008 he denied any suicidal thoughts or depression. (T. 299).  The Plaintiff was evidently out of ADC for a short time and then re-incarcerated.   A March 2010 Arkansas Department of Corrections (ADC) progress note/record indicated that Plaintiff was not on any medication (Tr. 376). Plaintiff stated that he had depression in the past, but declined an offer to schedule a mental health visit (Tr. 22, 376).  During the Plaintiff readmission to ADC he completed a questionnaire concerning his mental status indicating, inter alia, that he was not uptight or worried or that he felt hopeless, worthless or useless. (T. 366).  He was observed to be bright, with no anxiety and good judgment and was classified as M1-Normal. (T. 367).

The Plaintiff sought no treatment for depression either in or out of the Arkansas Department of Corrections.  *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment).

The Plaintiff also seems to argue that the ALJ erred in not considering his left shoulder impairment (ECF No. 12, p. 9) but the ALJ determined that the Plaintiff's "left shoulder impingement syndrome" was severe (T. 21). The court finds this argument to be without merit.

The Plaintiff also argues that the ALJ failed to properly develop the record.  The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994).  The court finds the ALJ properly developed the record in this case.

**B.  Residual Functional Capacity:**

 RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404. 1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant

evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1. Credibility:**

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  As the

Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, and the record supports, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

**2. RFC Determination:**

The ALJ determined that Plaintiff's impairments resulted in exertional and nonexertional functional limitations that limited Plaintiff to less than a full range of sedentary work (Tr. 23). Plaintiff could:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk two hours a day and sit six hours a day. In addition, he can only occasionally reach overhead, climb, balance, crawl, kneel, stoop and crouch, and he can frequently finger and handle. (T. 23).

When the Plaintiff was re-sentenced to ADC in 2010 the medical records reflect that he "refuses to adduct let shoulder but has ROM passively". (T. 369). The ADC records show that the Plaintiff stated he had an "accident which resulted in injury to (rt) foot/(lf)shoulder)(Sparks Hospital, Ft. Smith). Jeremiah Pearson in Ft. Smith is his attorney for this chase". (T. 372). Plaintiff testified at the hearing that he stepped in a hole and twisted his right foot and fell and landed on his shoulder. (T. 39). No medical records from Sparks Hospital document any

treatment for a foot or shoulder injury in 2009 but the Plaintiff testified that "I went to the emergency room and they charged me $100.00 just to tell me there is nothing they could do for me." (T. 40). Dr. Silver, the Plaintiff's treating physician did diagnose the Plaintiff with a fractured right foot but his office notes show that he was to "obtain records from Sparks". (T. 410). As pointed out, there is no medical record to show a fractured right foot.

In March an MRI was performed on the Plaintiff's left shoulder which found that there was no rotator cuff tear, marrow edema, or other acute change but that there was "inferior acromial spur and some mild AC hypertrophy and probably some mild impingement on the supraspinatus tendon as a chronic change" and " some mild focal tendinopathy". (T. 284).

On February 13, 2010, when the Plaintiff visited the Sparks ER for "hiccups", the hospital records note that his extremities had normal range of motion, normal tone, and no swelling. He was alert and oriented with no focal neuro deficits. (T. 487).

A physical examination of the Plaintiff on July 14, 2010 found normal ROM (T. 383), neurological reflexes were normal, and he had no muscle weakness or atrophy, and normal grip. (T. 384). Dr. David Hicks, a non-examining consultive physician, on July 20, 2014, found the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and he could stand and/or walk and sit for 6 hours in an 8-hour workday. (T. 392). Dr. Hicks was of the opinion that the Plaintiff could perform light work with occasional overhead reaching. (T. 398). Dr. Hicks findings were reviewed and affirmed by Dr. Keith on September 14, 2010. (T. 415).

While in the Arkansas Department of Correction during his second admission the medical records reflect that he never complained about pain or numbness in his left arm. During his first admission to ADC, in September, while assigned to the hoe squad, the Plaintiff complained of

right shoulder pain (T. 311), that the "first three fingers on right keep going numb" (T. 310), and that he had numbness and coldness in his right arm (T. 320). He represented to ADC that he was going to have surgery to correct the problem. (T. 307). In January 2009 he was still complaining about pain in his right arm and wanted off the hoe squad. (T. 307). After his release from prison his pain and numbness in his right arm subsided and was not part of the Plaintiff's claim of disability. The ALJ properly found that " there are no medical records after his release from the ADC showing ongoing complaints of right shoulder/upper extremity complaints".

Generally, the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. *See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement).  The Eighth Circuit Court of Appeals has, however,  upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records)

The ALJ did not reject the opinion of any treating physician. The ALJ considered the medical records, test results, the examination report, and the findings of the state agency medical consultants. This is not a case in which an ALJ flatly rejected an individual's allegations. The

ALJ found greater functional limitations than the state agency medical consultants. The ALJ restricted Plaintiff to less than a full range of sedentary work. The ALJ held that Plaintiff's impairments could reasonably be expected to result in symptoms, but ultimately determined that he retained the residual functional capacity to perform a range of sedentary work (Tr. 25). "'Sedentary work' represents a significantly restricted range of work." 20 C.F.R. Pt. 404, subpt. P, app. 2 § 201.00(h)(4).

Based upon the record the court finds the ALJ properly assessed the Plaintiff's RFC.

## C.  Vocational Expert:

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994).   A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The ALJ's pertinent hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds

substantially supported by record as a whole).

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this October 25, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE